Freeman, J.,
delivered tbe opinion of tbe court:
Tbis bill is filed to set aside certain decrees made in tbe case of Cowan & Rankin v. Lyon, Feezell and Lorinda Cutler, tbe pr*esent complainant, because obtained by fraud and violation of certain agreements between counsel of complainants in that bill, and of defendant Love, as administrator of bis intestate, Peezell.
A short statement of a few leading facts in tbe record, we think, will readily dispose of tbis case, without tbe necessity of going at length into the various questions so earnestly pressed on our attention by tbe zeal of counsel.
Lyon bad sold to Cowan an interest in a patent for stuffing “horse collars,” in 1856, tbe patent having been issued to one MeCorkle. Cowan gave two notes for tbis interest, each for $400, one due in December, 1856, tbe other, 1857. Suit was brought on tbis first note soon after due, probably; judgment bad before a justice of tbe peace, which was stayed by present complainant, Mrs. Cutler. After tbis, January, 185$, a bill was filed by Cowan, with Kankin, who was. bis surety on tbis note, seeking to set aside tbe sale of tbe patent right on account of fraudulent misrepresentation as to its utility, and amended bill on the ground, probably, that one Miller was entitled to a patent for tbe same, or a portion of the patented article.
An injunction was obtained against the collection or enforcement of tbe above judgment.
Mrs. Cutler, the present complainant, was made a defendant, nominally, to that bill, but no relief sought against her by it on part of complainants. She was served with process, never answered it, as far as we can see from tbis record, nor was any order pro confesso taken against her in *480 that proceeding. However, no objection of this kind.is raised in the bill in this case.
Upon this statement of facts, it is clear' beyond question, that complainant- in this bill does not make out a case where she can ask that the decree complained of should be set aside for her benefit.
The allegations of this bill are, that the agreements were made with complainants in the original bill. She was not a complainant, but a defendant to that bill. If they were set aside, she could not prosecute that suit for her benefit, for that would be to prosecute a suit against herself as defendant. She could not well be both complainant and defendant. In the next place-, she- is not in, condition to ur.ge any of the grounds of relief charged in that bill.
It goes on the ground that Mr. Cowan, for whom, it seems she had become stayor, had been defrauded in the sale of the interest in the patent, and that there was a failure of consideration as to the note on which the judgment had been obtained.
We have held, in at least one case, unreported as yet, that the stayor could not inquire into the- consideration of a note when he had become stayor to a judgment rendered on it; but that if his principal, the maker of the note, chose to submit to be defrauded, this is no equity in favor of the stayor. This, we think, is clear beyond question. The stayor could only set up matters arising out of her relations as such, and she becoming a party after the judgment, and at-request of the maker, could not go béhind the judgment in a case like the present, to inquire into equities existing before she became- party to the matter at all.
The, present complainant had no control, or right to control the progress or result of that litigation. If the parties complainant, who had this right, choose to submit to what is alleged to have occurred, they have the right to do so, and this complainant had no- right to intervene then to prevent it, and most certainly cannot file a bill now to *481 be permitted to do what she had no right to do before the decrees were made.
Her position or rights in this reference have not been changed.
It is proper to say here, that the decree that settled the order of liability of Mrs. Chitler, as between her and Hanldn, surety, was taken in 1859, before any of the alleged agreements were made, and this decree is not complained of in the bill in this case.
"We probably would reach the same conclusion from the decrees and orders in the. record that we have in the above, but need not notice them, as we think what we have said is conclusive.
The decree of the chancellor is affirmed, with costs of this court.